1  Matthew C. Helland, CA Bar No. 250451
   Jodi L. Collova, CA Bar No. 261505
2  NICHOLS KASTER, LLP
   One Embarcadero Center, Ste. 720
3  San Francisco, CA 94111
   Telephone: (415) 277-7235
4  Facsimile: (415) 277-7238
   Email: helland@nka.com,
5         collova@nka.com

6  ATTORNEYS FOR PLAINTIFFS

7  JoAnna L. Brooks, CA Bar No. 182986
   Anne V. Leinfelder, CA No. 230272
8  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
9  San Francisco, CA 94105
   Telephone: (415) 394-9400
10 Facsimile: (415) 394-9401

11 ATTORNEYS FOR DEFENDANT
   Capital One Financial Corp.
12
   Additional Counsel Listed on Following Page
13

14                  **UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT COURT OF CALIFORNIA**
15

16

17 Angela Shepard, Carol Rhea, Jackie Sears,    | Case No. CV 09 5722 PJH
   Cynthia Hushaw, Evaristo Bungcayao,
18 Rebecca Molina, Monica Dominguez, and
   Shirley Young,
19                                              | **STIPULATION AND [~~PROPOSED~~]**
                        Plaintiffs,             | **ORDER RE FILING AMENDING**
20                                              | **COMPLAINT**
        v.
21
   COMSYS Information Technology
22 Services, Inc.; COMSYS Services LLC;
   Capital One Financial Corp., and DOES
23 1-50, inclusive,

24                      Defendants.

25

26

27

28

        STIPULATION AND [PROPOSED] ORDER RE FILING AMENDED COMPLAINT

| | |
|---|---|
| 1 | Stuart W. Miller, CA State Bar No. 127766 |
| | John C. Post, CA State Bar No. 233236 |
| 2 | DAVIS WRIGHT TREMAINE LLP |
| | 505 Montgomery Street, Suite 800 |
| 3 | San Francisco, California 94111 |
| | Telephone: (415) 276-6500 |
| 4 | Facsimile: (415) 276-6599 |
| | Email: stuartmiller@dwt.com |

ATTORNEYS FOR DEFENDANTS
COMSYS Information Technology Services, Inc.
and COMSYS Services LLC

STIPULATION AND [PROPOSED] ORDER RE FILING AMENDED COMPLAINT

Plaintiffs Angela Shepard, Carol Rhea, Jackie Sears, Cynthia Hushaw, Evaristo Bungcayao, Rebecca Molina, Monica Dominguez, and Shirley Young ("Plaintiffs") — and Defendants COMSYS Information Technology Services, Inc., COMSYS Services LLC, Capital One Financial Corp., (collectively "the parties") — by and through their attorneys, HEREBY STIPULATE AND AGREE as follows:

Pursuant to Rule 15(a)(2), Plaintiffs shall have leave to file their First Amended Complaint, attached hereto as Exhibit A.  Defendant Capital One Financial Corp. does not concede it is a proper party defendant.  By stipulating to add GreenPoint Mortgage Funding, Inc. to the First Amended Complaint, Defendant Capital One Financial Corp. does not concede it or GreenPoint Mortgage Funding, Inc. is liable in any way for the allegations contained in the First Amended Complaint.

Dated:                             NICHOLS KASTER, LLP

                                   By:   s/Matthew C. Helland
                                         Matthew C. Helland
                                   ATTORNEYS FOR PLAINTIFFS

                                   JACKSON LEWIS LLP

                                   By:   s/JoAnna L. Brooks
                                         JoAnna L. Brooks
                                   ATTORNEYS FOR DEFENDANT CAPITAL ONE
                                   FINANCIAL CORP.

                                   DAVIS WRIGHT TREMAINE LLP

                                   By:   s/Stuart W. Miller
                                         Stuart W. Miller
                                   ATTORNEYS FOR DEFENDANTS COMSYS
                                   INFORMATION TECHNOLOGY SERVICES,
                                   INC. and COMSYS SERVICES LLC

[~~PROPOSED~~] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  6/1/10                                    _____
                                                  Honorable Phyllis J. Hamilton
                                                  United States District Court Judge

*IT IS SO ORDERED — Judge Phyllis J. Hamilton*

-3-

Plaintiffs Angela Shepard, Carol Rhea, Jackie Sears, Cynthia Hushaw, Evaristo Bungcayao, Rebecca Molina, Monica Dominguez, and Shirley Young ("Plaintiffs") — and Defendants COMSYS Information Technology Services, Inc., COMSYS Services LLC, Capital One Financial Corp., (collectively "the parties") — by and through their attorneys, HEREBY STIPULATE AND AGREE as follows:

Pursuant to Rule 15(a)(2), Plaintiffs shall have leave to file their First Amended Complaint, attached hereto as Exhibit A.  Defendant Capital One Financial Corp. does not concede it is a proper party defendant.  By stipulating to add GreenPoint Mortgage Funding, Inc. to the First Amended Complaint, Defendant Capital One Financial Corp. does not concede it or GreenPoint Mortgage Funding, Inc. is liable in any way for the allegations contained in the First Amended Complaint.

Dated:                             NICHOLS KASTER, LLP

                                   By:   s/Matthew C. Helland
                                         Matthew C. Helland
                                   ATTORNEYS FOR PLAINTIFFS

                                   JACKSON LEWIS LLP

                                   By:   s/JoAnna L. Brooks
                                         JoAnna L. Brooks
                                   ATTORNEYS FOR DEFENDANT CAPITAL ONE
                                   FINANCIAL CORP.

                                   DAVIS WRIGHT TREMAINE LLP

                                   By:   s/Stuart W. Miller
                                         Stuart W. Miller
                                   ATTORNEYS FOR DEFENDANTS COMSYS
                                   INFORMATION TECHNOLOGY SERVICES,
                                   INC. and COMSYS SERVICES LLC

[~~PROPOSED~~] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 6/1/10                                    _____
                                                 Honorable Phyllis J. Hamilton
                                                 United States District Court Judge

*IT IS SO ORDERED — Judge Phyllis J. Hamilton (seal: United States District Court, Northern District of California)*

-3-

# Exhibit A

Matthew C. Helland, CA Bar No. 250451
helland@nka.com
Jodi L. Collova, CA Bar No. 261505
collova@nka.com
NICHOLS KASTER, LLP
One Embarcadero Center, Ste. 720
San Francisco, CA 94111
Telephone: 415-277-7235
Facsimile: 415-277-7238

ATTORNEYS FOR PLAINTIFFS

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| Angela Shepard, Carol Rhea, Jackie Sears, Cynthia Hushaw, Evaristo Bungcayao, Rebecca Molina, Monica Dominguez, and Shirley Young,<br><br>Plaintiffs,<br><br>v.<br><br>COMSYS Information Technology Services, Inc.; COMSYS Services LLC; Capital One Financial Corp., GreenPoint Mortgage Funding Inc. and DOES 1-50, inclusive,<br><br>Defendants. | Case No. CV 09 5722 PJH<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND RESTITUTION**<br><br>**(1) Violation of Fair Labor Standards Act, 29 U.S.C. Section 201 *et seq.*;**<br><br>**(2) Violation of Cal. Wage Order No. 4; Cal. Labor Code § 510, 1194, 1198;**<br><br>**(3) Violation of Cal. Labor Code § 201, 202 & 203;**<br><br>**(4) Failure to Provide Meal and/or Rest Periods;**<br><br>**(5) Violation of California Unfair Competition Law, Cal. Bus. & Prof. code § 17200 *et seq.***<br><br>**DEMAND FOR JURY TRIAL** |

**PRELIMINARY STATEMENT**

1. Defendants COMSYS Information Technology Services, Inc., COMSYS Services LLC, GreenPoint Mortgage Funding Inc., and Capital One Financial Corp. (collectively "Defendants"), jointly employed Plaintiffs Angela Shepard, Carol Rhea, Jackie Sears, Cynthia Hushaw, Evaristo Bungcayao, Rebecca Molina, Monica Dominguez, and Shirley Young (collectively "Plaintiffs") to work at Defendant Capital One Financial Corp.'s/ Defendant GreenPoint Mortgage Funding Inc.'s facility in Santa Rosa, California, from approximately December 2006 to April 2007.  Defendant Capital One Financial Corporation acquired North Fork Bank in 2006, and in doing so, acquired North Fork Bank's subsidiaries and affiliates, including Defendant GreenPoint Mortgage Funding Inc.

2. During their employment, Plaintiffs were covered, non-exempt employees under Fair Labor Standards Act ("FLSA") and California laws and are entitled to overtime pay consistent with the requirements of these laws.  Defendants failed to pay appropriate overtime compensation and/or provide meal and/or rest breaks to each Plaintiff as required by state and federal law.  Plaintiffs seek relief under the FLSA and California laws, to remedy Defendants' failure to pay all wages due, pay appropriate overtime compensation, pay meal and rest break premiums, and failure to pay wages due in accordance with applicable time limits.

**THE PARTIES**

3. Plaintiff Angela Shepard resides in Lodi, California.

4. Plaintiffs Evaristo Bungcayao and Shirley Young reside in Manteca, California.

5. Plaintiffs Carol Rhea, Jackie Sears, Cindy Hushaw, Rebecca Molina, and Monica Dominguez, reside in Stockton, California.

6. Upon information and belief, Defendant COMSYS Information Technology Services, Inc. ("COMSYS IT") is a foreign corporation headquartered in Texas.  Upon information and belief, Defendant COMSYS Services LLC ("COMSYS Services"), is a wholly-owned subsidiary of Defendant COMSYS Information Technology Services, Inc. COMSYS IT and COMSYS Services (together "COMSYS Defendants") provide staffing services for companies in several states throughout the United States, including in Marin County, California.

-2-

1    7.   Upon information and belief, Defendant GreenPoint Mortgage Funding Inc. ("Greenpoint") is a domestic corporation.  During all relevant times, Defendant Greenpoint operated a facility in Santa Rosa, California (Marin County).  The Santa Rosa facility was closed in August 2007.

8.   Defendant Capital One Financial Corporation ("Capital One") is a foreign corporation headquartered in McLean, Virginia.  Capital One acquired North Fork Bank in 2006, and in doing so, acquired all of North Fork Bank's subsidiaries and affiliates, including GreenPoint.  During all relevant times, Defendant Capital One/ Defendant GreenPoint operated a facility in Santa Rosa, California (Marin County) under the GreenPoint name.  The Santa Rosa facility was closed in August 2007.

9.   Defendants Does 1-50, inclusive, are sued herein under fictitious names.  Their true names and capacities are unknown to Plaintiffs.  When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein.  Plaintiffs are informed and believe and thereon allege that each of the fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiffs were proximately caused by such Defendants.

10.   Plaintiffs are informed, believe, and thereon allege that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representative partner, integrated enterprise with, and/or joint venturer of the remaining Defendants and was acting within the course and scope of the relationship. Defendants had interrelated operations, common management, centralized control of labor relations, and common financial control. Plaintiffs are further informed, believe, and thereon allege that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

## JURISDICTION AND VENUE

11.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is being brought under the FLSA, 29 U.S.C. § 201 *et seq.*  All of the Plaintiffs have signed consent forms to join this lawsuit.  The Court has supplemental jurisdiction over Plaintiffs

California state law claims under 28 U.S.C. § 1367, inasmuch those claims derive from the same nucleus of operative facts as the Plaintiffs' FLSA claims.

12. Venue is proper in the United States District Court, Northern District Court of California, pursuant to 28 U.S.C. § 1391, because, during all relevant times, Defendants conducted business in Marin County, California and employed Plaintiffs in Marin County, California, and because a substantial part of the events giving rise to the claims occurred in this district.

## **FACTUAL ALLEGATIONS**

13. Defendant Capital One acquired North Fork Bank in 2006.

14. In acquiring North Fork Bank, Defendant Capital One acquired all of North Fork Bank's subsidiaries and affiliates, including GreenPoint.

15. During all relevant times, Defendant Capital One and Defendant GreenPoint operated a mortgage loan business under the GreenPoint name.

16. The COMSYS Defendants provide staffing services to various companies.

17. The COMSYS Defendants hired Plaintiffs to work on a temporary basis at Capital One's GreenPoint facility in Santa Rosa, California.

18. Plaintiffs worked at Capital One's GreenPoint facility in Santa Rosa, California, from approximately December 6, 2006 to April 6, 2007.

19. Plaintiffs' main job responsibility was to audit mortgage loans, which involved verifying documentation and obtaining documentation.

20. Upon information and belief, Plaintiffs primary job duties involved Capital One/ Greenpoint's loan files.

21. Upon information and belief, Capital One and GreenPoint determined Plaintiffs' job duties.

22. Plaintiffs communicated with Capital One/ Greenpoint personnel regarding issues pertaining to loan files.

23. Capital One/ GreenPoint provided one or more Plaintiffs with financial goals sheets that listed the financial goals for both GreenPoint and Capital One.

24. Upon information and belief, Plaintiffs received from Capital One/ GreenPoint technical support that was necessary to perform their job duties.

25. Plaintiff Cynthia Hushaw's I-9 Form listed GreenPoint as her employer.

26. Plaintiffs performed work that simultaneously benefitted the COMSYS Defendants and Defendants Capital One/ GreenPoint.

27. The COMSYS Defendants determined the applicable payroll calendar for Plaintiffs.

28. Plaintiffs submitted timesheets to the COMSYS Defendants.

29. The COMSYS Defendants provided paychecks to Plaintiffs.

30. Plaintiffs received employment benefits from the COMSYS Defendants.

31. Throughout their employment, Plaintiffs were paid on an hourly basis.

32. Plaintiffs were not paid at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours per work week and for work performed in excess of eight hours per day.

33. Instead, Plaintiffs were paid at their regular hourly rate of pay for overtime hours worked.

34. Defendants did not provide Plaintiffs with an uninterrupted meal period of at least thirty minutes for each work period of at least five hours per day.

35. While Plaintiffs often recorded a thirty minute meal period on their time cards, Plaintiffs sometimes still performed work during these thirty minute meal periods.

36. Defendants did not provide Plaintiffs with a ten minute rest period for each work period of four hours, or substantial portion thereof, nor did they authorize or permit Plaintiffs to take a ten minute rest period for each work period of four hours, or substantial portion thereof.

## FIRST CLAIM FOR RELIEF

**(Failure to Pay Overtime In Violation Of The Fair Labor Standards Act)**

37. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

38.     Plaintiffs consent in writing to be a party of this action, pursuant to 29 U.S.C. § 216(b).

39.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants employed Plaintiffs. At all relevant times, upon information and belief, each Defendant had gross operating revenues in excess of $500,000.00.

40.     The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

41.     During their employment with Defendants, within the applicable statute of limitations, Plaintiffs worked in excess of forty hours per workweek. Despite the hours worked by Plaintiffs, Defendants willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay them the appropriate overtime compensation for all the hours worked in excess of forty.

42.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

43.     Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interest, and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper. Plaintiffs seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF

### (Failure to Pay Overtime In Violation Of Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194, 1198)

44.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

1  45. Cal. Labor Code §§ 510, 1194, 1198, Cal. Wage Order No. 4, and other provisions of California law require employers, such as Defendants, to pay overtime compensation to all non-exempt employees for all hours worked over forty per week, or over eight per day.

46. Plaintiffs are non-exempt employees entitled to be paid proper overtime compensation for all hours worked.

47. Plaintiffs worked in excess of eight hours in a work day and/or forty hours in a work week in their employment with Defendants in California.

48. Defendants failed and refused to pay Plaintiffs overtime compensation at a rate of one and one half times the regular rate of pay for overtime hours worked over eight in a day or forty in a week.

49. Defendants failed and refused to pay Plaintiffs overtime compensation at a rate of double the regular rate of pay for overtime hours worked over twelve in a day, or over eight on the seventh consecutive day of work.

50. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, payment for prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

### **THIRD CLAIM FOR RELIEF**

**(Failure To Timely Pay Wages In Violation Of Cal. Labor Code §§ 201, 202 & 203)**

51. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

52. California Labor Code §§ 201 and 202 require Defendants to pay its employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

53. Plaintiffs ceased employment with Defendants and are entitled to unpaid compensation, but to date have not received such compensation.

-7-

FIRST AMENDED COMPLAINT FOR DAMAGES AND RESTITUTION

1  54. More than thirty days have passed since Plaintiffs have left Defendants' employ in
2  California.

3  55. As a consequence of Defendants' willful conduct in not paying proper
4  compensation for all hours worked, Plaintiffs are entitled to thirty days' wages under Labor Code
5  § 203, together with interest thereon, and attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF

### (Failure to Provide Rest Breaks and Meal Periods)

56. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

57. Cal. Labor Code § 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than thirty minutes, or for a work period of more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes.

58. Section 11 of Wage Order No. 4 provides in relevant part that:

> (A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than thirty minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a thirty minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time
> (B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

59. Section 12 of Wage Order No. 4 states that:

> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hour worked daily at the rate of ten minutes net rest time per four hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work

-8-

> time is less than three and one-half hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages
> (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

60. Cal. Labor Code § 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

61. Defendants failed to provide Plaintiffs with meal periods as required by law, and failed to authorize and permit the Plaintiffs to take rest periods as required by law. Plaintiffs are therefore entitled to payment of the meal and rest period premiums as provided by law, but were not paid these premiums by Defendants.

## FIFTH CLAIM FOR RELIEF

### (California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.*)

62. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

63. The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*. Section 17200 of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

64. Beginning at a date unknown to Plaintiffs, Defendants committed, and continue to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendants' conduct as herein alleged has injured the Plaintiffs by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiffs.

65.     Defendants engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

  A. Cal. Labor Code § 1198;

  B. Relevant Wage Orders;

  C. Cal. Labor Code §§ 201, 202, 203, and 204; and

  D. Cal. Labor Code § 510

  E. Cal. Labor Code §§ 512 and 226.7.

66.     Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

67.     The harm to Plaintiffs in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendants' policies or practices and therefore, Defendants' actions described herein constitute unfair business practices or acts within the meaning of the UCL.

## PRAYER FOR RELIEF

68.     WHEREFORE, Plaintiffs pray for relief as follows:

  A. That Defendants are found to have violated the overtime provisions of the Federal Fair Labor Standards Act and California law as to Plaintiffs;

  B. That Defendants' violations as described above are found to be willful;

  C. That Defendants are found to have violated sections 201, 202, and 203 of the California Labor Code for willful failure to pay all compensation owed at the time of separation to named Plaintiffs and the Class;

  D. That Defendants is found to have violated the provisions of the California Labor Code and applicable IWC Wage Order(s) regarding meal and rest periods;

1        E.    That Defendants be ordered and enjoined to pay restitution to Plaintiffs due to Defendant's unlawful activities, pursuant to California Business and Professions Code sections 17200, et seq.;

       F.    An award to Plaintiffs for the amount of unpaid wages owed, including liquidated damages and/or interest thereon, and penalties subject to proof at trial; and

       G.    For such other and further relief, in law or equity, available under the laws cited in this Complaint and as this Court may deem appropriate and just.

### **DEMAND FOR JURY TRIAL**

69.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Dated:                                NICHOLS KASTER, LLP

                                       By: _____
                                               Matthew C. Helland
                                       ATTORNEYS FOR PLAINTIFFS